ALEX. WHITE, CHIEF JUSTICE.
P. H. EMERSON, ASSOCIATE JUSTICE.
J. S. BOREMAN, ASSOCIATE JUSTICE.

JOHN YOURT, ADMINISTRATOR, &c., OF JOHN COLE, DECEASED, *Respondent*, *v.* HUGH McKEE AND JAMES DUNCAN, *Appellants.*

MONEY RECEIVED BY A FIRM.—C delivered to M a sum of money, to be deposited by M in Bank to the credit of C. Instead of placing the same to the credit of C, as directed, M deposited it to the credit of M & D, a firm of which M was a member. C 'sued the firm to recover the amount.
HELD.—The money was not loaned to M, and the latter was only Agent for C.
HELD FURTHER.—That the firm having received the money became responsible for its re-payment to C.

APPEAL from the Third District Court.

In November, 1873, Defendants were merchants and partners; Cole, the deceased, then delivered to McKee $813 to carry to and deposit in a bank where deceased had deposit account. McKee received the money for

36

that purpose, took it to the bank, but deposited it to the credit of his firm on their account in that bank. About 1st July, 1874, the firm dissolved, McKee going out and Duncan continuing the business; whereupon Cole, on inquiry at the bank, learned that the money had not been deposited to his account, but had been placed to the credit of, and used by, the firm. He then applied to McKee, who gave him the evidence of the debt set forth in the complaint. Soon after this, Cole mentioned the matter to Duncan, who denied and repudiated both the note and the debt.

The complaint, as a foundation, sets forth the original transaction, charging that the Defendants had received so much money to his use, and had converted the same to their own use.

On the trial, it was shown that Duncan, before this action was brought, being told of his partner's statement that the money had been deposited to the credit of the firm on its bank account and used by the firm, and being asked what he had to say to that, answered that he had examined the bank book and found that the money had been received by the firm, and that it was all correct.

The other facts appear in the opinion.

*Robertson & McBride,* for Appellants.

*Rosborough & Merritt,* for Respondent.

BOREMAN, J., delivered the opinion of the Court :

John Cole delivered to Hugh McKee a sum of money to be carried by said McKee to the bank, and there deposited to the credit of said Cole. He took the money to the bank, but instead of placing it to the credit of Cole, he deposited it to the credit of McKee & Duncan, a partnership firm of which said McKee was a member. The firm afterwards dissolved, and Cole sued the partnership for the amount and obtained judgment in the District Court, from which the Defendant, Duncan, appeals to this Court. McKee never appeared in the case.

Cole having died during the pendency of the suit in the Court below, the cause was revived in the name of his Administrator.

In reviewing the evidence in this case, we cannot perceive that Cole ever intended to part with his property in the money. The very reverse seems to have been the case. McKee was to take Cole's money and place it to Cole's credit. As long, therefore, as it remained in McKee's hands, it was Cole's money. In other words, McKee's possession was Cole's possession, and Cole never parted with that possession until McKee & Duncan received it. The money was not loaned to McKee; nor was any credit given to him in regard to it. He acted solely as the Agent of Cole. He violated his instructions as Agent, and made a wrongful deposit of Cole's money; and McKee & Duncan having received it to their use and benefit, as admitted by Duncan, they became responsible for its re-payment to Cole. We therefore see no error in the action of the Court below.

The judgment and order are affirmed, with costs.

EMERSON, J., and WHITE, C. J., concur.